**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4846**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OSCAR A. SMITH, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (CR-04-300)

Submitted:  June 9, 2006              Decided:  July 3, 2006

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Van Lloyd, Savannah, Georgia, for Appellant.   Jonathan S. Gasser, United States Attorney, Carlton R. Bourne, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Oscar A. Smith, Jr., pled guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2000). He was sentenced to 240 months in prison. Smith appeals his sentence.

Smith first argues that the district court erred in assessing criminal history points for his state conviction for possession with intent to distribute cocaine in September 1996, which he contends was part of the same course of conduct or common scheme or plan as his federal drug conspiracy offense. Smith argues that without those criminal history points he would be eligible for the safety valve provision of the U.S. Sentencing Guidelines Manual ("USSG") § 5C1.2. A sentence which is for conduct that is part of the instant offense should not be counted as a prior sentence in determining criminal history. USSG § 4A1.2(a)(1). Conduct is part of the instant offense if it is relevant conduct under guideline section 1B1.3. See USSG § 4A1.2(a)(1), comment. (n.1). Under guideline section 1B1.3(a)(2), relevant conduct includes acts that were part of the "same course of conduct or common scheme or plan" as the offense of conviction when the offenses are the type which would be grouped under § 3D1.2(d). However, as noted by Application Note 8 to USSG § 1B1.3, when, as here, the defendant was previously convicted and sentenced

for the sale of cocaine, then immediately upon release from prison again sells cocaine using the same accomplice and modus operandi, the offense conduct relevant to the state prison sentence is considered as prior criminal history, not as part of the same course of conduct or common scheme or plan as the offense of conviction. We therefore find that because Smith was convicted and sentenced in state court for distribution of cocaine and after release from that sentence resumed distributing cocaine, the district court did not err in concluding Smith's prior state prison sentence is counted in determining his criminal history category. See USSG § 1B1.3, comment. (n.8).

Smith next argues on appeal that the district court erred in denying his motion to compel the Government to make a motion for a downward departure as agreed to in the plea agreement. The Government's decision not to move for a departure is reviewed only for bad faith or unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992); United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000) (citation omitted). Here, the plea agreement included a provision that, "[t]he failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the [Government], cause the obligations of the [Government] within the Agreement to become null and void." Smith further stipulated and agreed in the plea agreement that "his failure to pass any [polygraph] examination to the Government's

satisfaction will result, at the Government's sole discretion, in the obligations of the [Government] within the Agreement becoming null and void."

Smith admitted that he was only 95 percent truthful with the Government. In addition, he failed the Government's polygraph examination. Therefore, because Smith was not fully truthful in the information he supplied to the Government, in violation of the terms of his plea agreement, and he does not allege any unconstitutional motive or bad faith on the part of the Government in declining to move for a downward departure, we find the district court did not err in denying Smith's motion to compel the Government to move for a downward departure.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED